■ JOSCAR Co., Appellant, v ARLEN REALTY et al., Respondents.—Order, Supreme Court, New York County, entered on July 22, 1975, granting defendant's motion to dismiss the complaint herein, unanimously modified, on the law, to the extent of reinstating the first cause of action and otherwise affirmed, without costs and without disbursements. Plaintiff was not a party to either the "Subletting and Assumption Agreement" or the "Assumption Agreement" entered into between defendant and Atlantic Department Stores, Inc. The language of the "Subletting and Assumption Agreement" makes it clear that defendant was to remain as tenant under the original lease and that Atlantic was merely a subtenant. It negates any possibility of an assignment as follows: "Section 101. The parties hereto covenant and acknowledge that they intend to create by this instrument, and that the legal effect of this instrument is and shall be, a subletting of the leased premises and not that of an assignment of the lease or any portion thereof, by Arlen to Atlantic." Plaintiff's consent at the foot of the letter from Atlantic, dated July 28, 1971, is merely "to the sublease". On the basis of the record before us, we find there was no assignment intended and no joint obligation created. Accordingly, plaintiff's failure to join Atlantic as a party defendant was not fatal to its otherwise legally sufficient first cause of action. Atlantic, being merely a subtenant of the subject premises, was not a necessary party to this action by plaintiff landlord based on breach of the terms of the primary lease. Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.

■ DIRAN SOHIGIAN et al., Appellants, v KIN-POST REALTY CORP., Respondent.—Judgment, Supreme Court, Bronx County, entered March 11, 1975, after a nonjury trial, awarding plaintiffs the sum of $3,000 damages to trees and shrubs and for trespassing and permitting the defendant to enter plaintiffs' land, and directing the defendant to "fill in the chasm caused by it, with clean fill and then top it off with three feet of top soil," unanimously affirmed, without costs or disbursements. The defendant Kin-Post Realty Corp. owned land adjacent to that of the plaintiffs' Sohigian and erected an apartment house upon it. A retaining wall for the apartment house was built right up to the Sohigian property line. A trench was dug on the Sohigian property in order to build the wall. The Sohigians attempted to show that Kin-Post placed concrete footings on their property, resulting in a trespass. Kin-Post urged that the concrete alluded to by the Sohigians was mere spillage which occurred during construction. We agree with the findings of Trial Term that no competent evidence was adduced to sustain the contention that the concrete was actually evidence of footings, or that it ran the full length of the wall. The concrete "spillage" was eight feet below the ground, and the building specifications revealed no footings to be constructed on plaintiffs' property. The concrete spillage lay on top of granite rock. The occurrence of a trespass was conceded at the trial, and the sole issue is whether or not the award made served as adequate compensation. The Sohigians failed to show that the spillage, eight feet below the surface, adversely affected the use of their property to an extent greater than the award of the trial court, and we have accordingly affirmed. Concur—Markewich, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.