OPINION OF THE COURT
Per Curiam.
Order dated November 28, 1994 modified by reversing so much thereof as granted summary judgment dismissing the petition against tenants; the petition is reinstated; the sixth affirmative defense is stricken; and the matter is remanded to the Civil Court for further proceedings consistent with this decision.
 In this commercial holdover proceeding, Civil Court granted summary judgment dismissing the petition on the ground that subtenants whose names and identities were known to landlord prior to its commencement were improperly designated as "John Doe” and "Jane Doe”, and that the subtenants were necessary parties without whom complete relief could not be accorded (see, CPLR 1001 [a]; 1024). We agree that CPLR 1024 permits use of a fictitious name only where the adversary is ignorant of the name and identity of proper parties, and that dismissal is warranted against such parties — in this case subtenants — where, as here, their names and identities were concededly known to landlord prior to commencement of the underlying holdover proceeding (ABKCO Indus, v Lennon, 52 AD2d 435, 441; Capital Resources Corp. v Doe, 154 Misc 2d 864). Such dismissal is not fatal to the proceeding as it relates to the tenants, however. *586 The subtenants, while "proper” parties to the instant holdover proceeding, are not "necessary” parties whose presence is indispensable to the according of complete relief as between landlord and tenant (Teacher’s Coll. v Wolterding, 77 Misc 2d 81, 82; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 38:31 [3d ed]; compare, Joscar Co. v Arlen Realty, 54 AD2d 541). Consequently, the petition should not have been dismissed against the tenants and is reinstated with leave to landlord to renew its motion for summary judgment of possession in Civil Court. Landlord, if so advised, may apply for joinder of the subtenants as additional named parties, so that any warrant obtained in this proceeding will be effective against them (170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339-340).
Consolidation of a subsequently commenced holdover proceeding, in which landlord alleges it served the subtenants but not the tenants, was properly denied. A paramount landlord cannot proceed against a subtenant alone (2 Rasch, New York Landlord and Tenant — Summary Proceedings § 38:17 [3d ed]), and landlord’s subsequent proceeding against subtenants was thus a nullity regardless of the commonality of the issues purportedly raised therein with those encompassed in the original petition.
Parness, J. P., and Miller, J., concur.