OPINION OF THE COURT
Norman C. Ryp, J.
*258 A. ISSUE
Whether a landlord, after commencing a nonpayment summary proceeding, but before issuance and execution of the warrant of eviction, learns of the existence and identity of a suboccupant tenant by acceptance of rent for five months and does not amend the petition or warrant before such execution, has wrongfully evicted such suboccupant tenant. An issue of first impression herein.
B. FACTS AND PROCEDURAL HISTORY
After trial, this court finds, in fact and law, that petitioner, John E. Wilson, has sustained his burden of proof, by a fair preponderance of the credible evidence, and that he has been wrongfully evicted from the subject premises, a portion of the 35th floor of 30 Broad Street, New York, New York.
Petitioner sublet a portion of the 35th floor of 30 Broad Street from the named tenant, Murphy, Marseilles, Smith & Nam-mack (Murphy Marseilles), without the respondent landlord’s direct knowledge or written consent on February 1, 1997, when Murphy Marseilles’ lease with respondent was amended.
In October 1997, respondent, 30 Broad Street Associates, L.P., commenced a nonpayment summary proceeding against Murphy Marseilles (NY County, L&T index No. 107089/97) listing several subtenants, but not specifically naming petitioner herein as a respondent therein. On November 17, 1997, respondent and Murphy Marseilles entered into a stipulation settling the above summary proceeding. Again, petitioner was neither named, nor referred to in, and did not sign said stipulation.
On and during December 15, 1997 through April 1998, petitioner tendered, and respondent accepted through its managing agent, Newmark & Company Real Estate, Inc., rent for the subject premises.
On February 2, 1998, respondent (landlord) and Murphy Marseilles entered into an amended stipulation in the above special proceeding which stated Murphy Marseilles had vacated the 35th floor. Once again, petitioner was not included in the stipulation even though respondent had been accepting rent from, as well as rectifying complaints by, petitioner since December 15, 1997, and clearly knew he was in possession of a portion of the 35th floor.
On March 19, 1998, City Marshal Robert J. Barsch executed a warrant of eviction issued in the above special proceeding *259 but did not evict petitioner from his excluded portion of the 35th floor. On April 21, 1998, respondent moved to amend and reissue the warrant for the remaining portion of the 35th floor, again not naming petitioner herein. On or about May 20, 1998, Judge Kibbie Payne granted respondent’s motion. On June 15, 1998, a notice of eviction was delivered to the premises and on June 25, 1998, Marshal Barsch executed the reissued warrant.
Petitioner commenced this special proceeding by order to show cause which was tried on July 28, 1998.
C. APPLICABLE LAW AND FINDINGS
A summary proceeding is entirely statutory requiring strict compliance to give the court jurisdiction (Giannini v Stuart, 6 AD2d 418 [1st Dept 1958]; 141 St. Assocs. v Smith, NYLJ, June 20, 1991, at 25, col 3 [App Term, 1st Dept 1991]) and with pleading requirements (Dulberg v Ebenhart, 68 AD2d 323 [1st Dept 1979]).
Where the party is unknown, it is well settled law that jurisdiction may be obtained by service upon a legally fictitious person “John Doe” or an entity “XYZ Corp.”, and the petition amended liberally, nunc pro tunc (Jackson v New York City Hous. Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976]), as where there is descriptive reference to “John Doe” in the petition, though merely omitted in the caption under CPLR 1024 (Teachers Coll. v Wolterding, 77 Misc 2d 81 [App Term, 1st Dept 1974]). However, where the identity of the occupant is known, at the commencement of the proceeding, or later becomes known during the pendency of the proceeding, he (or she or it) must be joined in the proceeding for the court to have jurisdiction if he is a necessary party (see, Triborough Bridge & Tunnel Auth. v Wimpfheimer, 165 Misc 2d 584 [App Term, 1st Dept 1995]). As Wimpfheimer further states, a subtenant is not a necessary party and this court would not have to proceed further except for the fact respondent accepted rent directly from the suboccupant and possibly subsequent subtenant, petitioner.
D. CONCLUSION
In this instance, respondent initially did not know of petitioner’s presence, occupancy or possession but learned his identity, by accepting rent, before the warrant was executed. In fact, respondent knew petitioner’s identity before the execution of the amended stipulation on February 2, 1998, because respondent had been accepting rent for five months from him *260 since December 15, 1997, and respondent’s managing agent rectified several complaints, claiming mitigation of losses from Murphy Marseilles, yet respondent failed to include petitioner in the amended stipulation or the reissued warrant of eviction.
When respondent began accepting rent from petitioner after the stipulated date of surrender by Murphy Marseilles, it created a month-to-month tenancy with petitioner and petitioner became a necessary party entitled to notice before his eviction. Respondent contends that no tenancy was created and to support this argument relies upon J.A.R. Mgt. Corp. v Foster (109 Misc 2d 693 [App Term, 2d Dept 1980]), where it was held that acceptance of rent after a tenant’s default and the issuance of the warrant of eviction did not restore the tenancy. However, the instant proceeding is distinguishable in that there was no default by petitioner, who was neither named nor served in the underlying proceeding. Rather, there was a stipulation of settlement before respondent learned of petitioner’s possession and an amended stipulation after respondent learned of petitioner’s possession and before the warrant was amended, reissued and executed. Therefore, while respondent may argue its acceptance of rent in December 1997 did not create a month-to-month tenancy with petitioner, this same argument is not persuasive after the amended stipulation and especially after respondent had accepted rent from petitioner for a portion of the 35th floor where Murphy Marseilles stated it had vacated the 35th floor. In order to recover that portion of the 35th floor, respondent must have given petitioner prior notice of the proceeding and at the very least included petitioner in the amended stipulation and reissued warrant. (See, Triborough Bridge & Tunnel Auth. v Wimpfheimer, supra, and authorities cited therein.)
Accordingly, because this court did not have personal jurisdiction over petitioner, the eviction of petitioner was unlawful and petitioner is entitled to recover damages under RPAPL 853, for his unlawful eviction from a portion of the 35th floor of 30 Broad Street, New York, New York. In light of the fact respondent has relet the entire subject premises before the effective date of the temporary restraining order, removing and allegedly damaging its personalty, equipment and security business by termination of telecommunications to an innocent lease party who occupies the entire 35th floor of 30 Broad Street, it would not be in the interest of justice, realistic practicality or equity to the innocent new tenant of the entire 35th floor for this court to restore petitioner to possession of *261 about 10% of the demised space for 60 to 90 days, therefore, this matter is restored to the Non-Housing Part 52 Calendar of September 29, 1998, at 9:30 a.m., subject to confirmation by each party or counsel for a hearing to determine the amount of damages, if any, petitioner has sustained. Since this court has no certain current business address for petitioner, if mailing a true copy of this decision/order to his last known address (14 Wall Street, 30th Floor, New York, New York 10003) does not trigger a response or appearance by all remaining parties on or before September 25, 1998, this special proceeding is dismissed, without prejudice to a plenary action for any and all resulting consequential damages, under RPAPL 853.