**West-Park Presbyt. Church of New York City v Center at W. Park, Inc.**

2024 NY Slip Op 30540(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 652924/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. NANCY M. BANNON                    PART                42

*Justice*

------------------------------------------------------------------------------X

WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK
CITY d/b/a WEST PARK PRESBYTERIAN CHURCH,

INDEX NO.          652924/2022

MOTION DATE        6-27-23

Plaintiff,

MOTION SEQ. NO.        001

- v —

THE CENTER AT WEST PARK, INC. d/b/a THE CENTER
AT WEST PARK and XYZ CORP.,

**DECISION + ORDER ON
MOTION**

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 113, 114, 115, 116, 121, 122, 123

were read on this motion to/for                    SUMMARY JUDGMENT                    .

## I.    INTRODUCTION

In this declaratory judgment action, the plaintiff landlord, West-Park Presbyterian Church of New York City d/b/a West Park Presbyterian Church (the "plaintiff" or "Church"), moves: (1) pursuant to CPLR 3212, for summary judgment on its two causes of action for (i) a declaration that its lease agreement with the defendant tenant, The Center at West Park, Inc. d/b/a The Center at West Park (the "defendant" or "Center"), is void because the lease violates Section 12 of New York's Religious Corporations Law ("RCL"), and (ii) a judgment of possession and warrant of eviction allowing the plaintiff to eject the defendant and any subtenants from the subject premises at 165 West 86th Street in Manhattan (the "Premises"); (2) to dismiss pursuant to, *inter alia,* CPLR 3211(a)(7), the defendant's three counterclaims for (i) fraud in the

**652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK
PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT
WEST PARK ET AL
Motion No.  001**

**Page 1 of 18**

1 of 18

inducement, (ii) breach of contract, and (iii) declaratory judgment; and (3) to dismiss, pursuant to CPLR 3211(b), the defendant's ten affirmative defenses. The defendant opposes the motion and cross-moves, *inter alia*, CPLR 3025(b), for leave to amend the Answer to add another counterclaim. The plaintiff opposes the cross-motion. For the reasons that follow, the plaintiff's motion is granted and the defendant's motion is denied.

## II.    BACKGROUND

### A. Religious Corporations Law

RCL § 12(1) provides, as relevant here, that "[a] religious corporation shall not . . . lease for a term exceeding five years any of its real property without applying for and obtaining leave of the court . . . therefor pursuant to section five hundred eleven of the not-for-profit corporation law ["N-PCL"] . . . ." RCL § 12(5-a) further provides that "[t]he trustees of an incorporated Presbyterian church in connection with the General Assembly of the Presbyterian Church (U.S.A.) shall not make application to the court for leave to . . . lease . . . any of its real property without the consent in writing of the particular Presbytery with which said church is connected." Pursuant to RCL § 12(9), if a religious corporation leases real property for a term exceeding five years and conveys that property to the lessee without the necessary authority of a court of competent jurisdiction, obtained as required by law, the court may, upon the application of the corporation or the lessee, issue an order confirming the lease. However, "no confirmatory order may be granted unless the consents required in the first part of this section for a . . . Presbyterian church . . . have first been given by the prescribed authority thereof [*i.e.* "the particular Presbytery with which said church is connected"], either upon the original application or upon the application for the confirmatory order."

652924/2022   **WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL**
Motion No.  001

Page 2 of 18

2 of 18

[* 2]

B. The Parties and the Lease

The plaintiff, a New York "religious corporation" incorporated under the RCL in connection with the General Assembly of the Presbyterian Church (U.S.A.), is the owner and landlord of the Premises. The particular Presbytery with which the plaintiff is connected is the Presbytery of New York City (the "Presbytery" or "Prescribed Authority"). The plaintiff's "Session" has served as the Church's corporate governing body since 1998. Members of the Session serve as the plaintiff's corporate officers. The Session is assisted in matters related to the Church's real property transactions by the Administrative Commission, which was established by the Presbytery for that purpose in December 2020.

In April 2018, the plaintiff entered into a lease agreement with the defendant (the "Lease"), pursuant to which the plaintiff leased the Premises to the defendant for a five-year term, which was deemed to have commenced on January 1, 2018, and which would run through December 31, 2022. The monthly rent was $2,200, increasing by 3% annually. Paragraph 7 of the Lease contains a five-year renewal option that, if exercised, would extend the defendant's tenancy at the Premises through December 31, 2027. Paragraph 16 of the Lease provides that:

> The Church and the Center hereby represent that each Party has the full power and authority to enter into this agreement and all of the stated terms and conditions. ALL PROVISIONS IN THIS AGREEMENT AND THE ATTACHED EXHIBITS SHALL BE BINDING ON BOTH THE CHURCH AND THE CENTER.

Nowhere in the Lease is there any provision expressly addressing the requirements under RCL § 12(1) that the plaintiff obtain the written consent of the Presbytery and the approval of the court for the Lease.

After taking possession of the property in April 2018, the defendant entered into several subleases, all of which appear to have expired.

652924/2022 WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL
Motion No. 001

Page 3 of 18

3 of 18

[* 3]

In January 2022, the plaintiff advised the defendant that the renewal option provided for in paragraph 7 of the Lease would be unenforceable because neither Presbytery consent nor court approval was ever obtained for the Lease as required by RCL § 12(1), rendering the Lease void. According to the plaintiff, it was not represented by legal counsel at the time it negotiated and executed the Lease, but instead acted solely through its volunteer lay leadership; it was unaware at that time that the Lease required Presbytery consent and court approval pursuant to RCL § 12(1); and it only became aware of the statute's consent and approval requirements and/or the applicability thereof to the Lease years later, after retaining legal counsel.

On February 18, 2022, the defendant notified the plaintiff of its intent to exercise the Lease's five-year renewal option. On March 16, 2022, the plaintiff's attorneys sent the defendant a letter in response to the defendant's renewal notice, reiterating the plaintiff's position that the Lease violates the RCL and is thus void and would not be renewed. The defendant remains in possession of the Premises pursuant to the Lease pending a judicial determination of the Lease's validity. .

The plaintiff, in the meantime, had determined to pursue a sale of the Premises. Accordingly, on February 28, 2022, the Administrative Commission voted on and unanimously approved a proposed sale of the Premises to Alchemy West 86th Street LLC, an affiliate of Alchemy Properties ("Alchemy"), a developer of residential real estate. On March 3, 2022, the plaintiff entered into a purchase and sale agreement with Alchemy. Pursuant to this agreement, the plaintiff would sell the Premises to Alchemy to be demolished and redeveloped, in exchange for $33 million cash, plus 10,000 square feet of space in the newly built development for use by the Church and another $8 million to build-out that space. The purchase and sale agreement expressly provides that closing is conditioned on the successful receipt of Presbytery approval

652924/2022  WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK          Page 4 of 18
PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT
WEST PARK ET AL
Motion No. 001

4 of 18

and a signed Supreme Court order approving the sale, as well as termination of the Lease with the defendant and the delivery of the Premises vacant of all tenants. Approval by the New York City Landmarks Preservation Commission was also required.

On March 17, 2022, the plaintiff's Session met to discuss, and ultimately approve, the proposed sale. Thereafter, on March 27, 2022, the plaintiff held a special congregational meeting at which the members of the congregation unanimously voted to approve the proposed sale to Alchemy. On April 4, 2022, the trustees of the Presbytery also voted unanimously to approve the proposed sale. On June 7, 2022, the Presbytery held its regularly scheduled quarterly meeting, at which it voted 91 to 3 in favor of approving the proposed sale to Alchemy.

C. The Litigation

On August 15, 2022, the plaintiff commenced this action by filing the Summons and Verified Complaint, which sets forth two causes of action seeking (1) a judgment declaring that the Lease is void *ab initio* under the RCL, and (2) upon such declaration, an ejectment or a possessory judgment and warrant of eviction.

In its Amended Verified Answer, the defendant asserts ten affirmative defenses and three counterclaims for (1) fraud in the inducement, (2) breach of contract, and (3) "declaratory judgment/injunction," seeking, in essence, a declaration that the parties' lease is valid and that the plaintiff breached the lease by failing to renew it, a mandatory injunction or specific performance of the lease renewal and requiring the plaintiff to obtain necessary approvals, an order directing the plaintiff to "withdraw its support for its application to the Landmarks Preservation Commission," and disgorgement of "any and all consideration received and/or to be received by the plaintiff (including the aforesaid $33 million) in connection with the prospective sale" of the property. The instant motions ensued.

652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK        Page 5 of 18
PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT
WEST PARK ET AL
Motion No.  001

5 of 18

III.   LEGAL STANDARDS

On a motion for summary judgment, the moving party must make a *prima facie* showing of its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form sufficient to establish the absence of any material, triable issues of fact.  See CPLR 3212(b); Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 (2014); Alvarez v Prospect Hosp., 68 NY2d 320 (1986); Zuckerman v City of New York, 49 NY2d 557 (1980). Once such a showing is made, the opposing party, to defeat summary judgment, must raise a triable issue of fact by submitting evidentiary proof in admissible form.  See Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra.  "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat the motion.  Zuckerman v City of New York, supra.

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action."  511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002).  To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference," and determine only whether the facts, as alleged, fit within any cognizable legal theory.  Id. at 152; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 (2013); Simkin v Blank, 19 NY3d 46 (2012); Hurrell-Harring v State of New York, 15 NY3d 8 (2010); Leon v Martinez, 84 NY2d 83 (1994).  "The motion must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at

**652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK**          **Page 6 of 18**
**PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT**
**WEST PARK ET AL**
**Motion No.  001**

[* 6]                                                6 of 18

law." 511 W. 232nd Owners Corp. v Jennifer Realty Co., supra, at 152 (internal quotation marks omitted); see Leon v Martinez, supra; Guggenheimer v Ginzburg, 43 NY2d 268 (1977).

Leave to amend a pleading should be freely granted absent evidence of substantial prejudice or surprise, or unless the proposed amendment is palpably insufficient or patently devoid of merit. See CPLR 3025(b); JPMorgan Chase Bank, N.A. v Low Cost Bearings NY, Inc., 107 AD3d 643 (1st Dept. 2013). The burden is on the party opposing the motion to establish substantial prejudice or surprise if leave to amend is granted. See Forty Cent. Park S., Inc. v Anza, 130 AD3d 491 (1st Dept. 2015).

## IV. DISCUSSION

### A. Motion for Summary Judgment – First and Second Causes of Action

The plaintiff's motion for summary judgment on its first cause of action for a judgment declaring the Lease void *ab initio* because it violates RCL § 12(1) is granted. Although the Lease was for an initial term of just five years, it is subject to the requirements of RCL § 12(1) by virtue of the option to renew for an additional five-year term, which brings the full term of the Lease to ten years. See Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua, 146 AD2d 407, 411 (1st Dept. 1989) ( lease for five-year term with an option to renew for an additional five years involved a term of ten years, rendering the lease subject to the consent and approval requirements of the RCL). Accordingly, "before such a lease can become valid, the [Prescribed Authority] of the church must first give [its] consent, and then court approval of the lease must be sought." Id.; see RCL §§ 12(1) & (5-a).

The plaintiff's submissions establish *prima facie* that neither Presbytery consent nor court approval was ever obtained for the Lease. Specifically, the plaintiff submits a pair of affidavits

**652924/2022 WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL** **Page 7 of 18**
Motion No. 001

7 of 18

from Marsha Flowers, a member of the Administrative Commission and a corporate officer of the Church, who signed the Lease on behalf of the Church in her then-capacity as clerk of the Session; a pair of affidavits from Roger Leaf, the chairman of the Administrative Commission since December 2020 and a former Trustee of the Presbytery from January 2019 to December 2022; the affidavit of Russel Jennings, another of the Church's corporate officers; and the affidavit of Warren McNeill, the Stated Clerk of the Presbytery since November 2016, whose responsibilities include recording the minutes of all Presbytery meetings. Each of these affiants avers that the Presbytery never consented to the Lease and, consequently, the Lease was not submitted to the court for approval.

The defendant, in opposition, fails to submit evidence sufficient to raise a triable question of fact as to whether Presbytery consent and court approval has already been obtained for the Lease. The only evidence the defendant points to in this regard is the Lease itself, in particular paragraph 16 thereof, in which the plaintiff represents that it "has the full power and authority" to enter into the Lease. The defendant argues that the court should infer from this contract provision that the Church obtained Presbytery consent and court approval prior to executing the Lease. However, this provision does not expressly mention the RCL, the Presbytery, or the court, nor does it refer to the procurement of any consents or approvals whatsoever.

Moreover, it is well accepted that a religious corporation subject to the requirements of the RCL may validly contract for the alienation of its property "conditioned upon obtaining court approval." Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn, 54 NY2d 742, 744 (1981). In fact "the making of an executory agreement subject to the approval of the Court, is not only not objectionable or invalid as an act *ultra vires*, but in general, the proper and preferable mode of bringing the whole question of the propriety of giving

652924/2022 WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK
PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT
WEST PARK ET AL
Motion No. 001

Page 8 of 18

[* 8]

8 of 18

sanction to the sale into view[.]" <u>Morris v Scribner</u>, 121 AD2d 912, 915–16 (1st Dept. 1986) (internal quotation marks omitted). As such, the court cannot reasonably infer from the contract language alone that the Church was representing that it had already obtained Presbytery consent and court approval for the lease prior to executing the contract, let alone that the requisite consent and approval were, in fact, truly obtained. Indeed, such an inference would be especially unreasonable given that a court order approving the lease would be a matter of public record. <u>See</u> RCL § 12(1); N-PCL § 511(d). No party submits such order.

The defendant also complains that the plaintiff has refused to comply with its discovery demands, including its demand for documents that might show that the Presbytery's written consent for the Lease was, in fact, obtained, thereby thwarting the defendant's ability to gather evidence necessary to support its opposition to the plaintiff's summary judgment motion. To be sure, "[w]here essential facts to justify opposition to a motion for summary judgment might exist, but cannot be stated because they are in the moving party's exclusive knowledge or control, summary judgment must be denied." <u>Curry v Hundreds of Hats, Inc.</u>, 146 AD3d 593, 594 (1st Dept. 2017) (internal quotation marks omitted). Here, however, evidence of the Presbytery's purported written consent to the Lease is not exclusively within the plaintiff's knowledge or control because any such evidence could also be procured directly from the Presbytery itself. Notably, though, the defendant gives no indication that it has sought this essential discovery directly from the Presbytery at any time in the more than two years since the plaintiff first notified it, in January 2022, that the Lease was void for violating the RCL, or in the year-and-a-half since this action was commenced. In any event, the plaintiff has submitted the sworn affidavit of Warren McNeill, the Stated Clerk of the Presbytery since November 2016, who

**652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK**                           **Page 9 of 18**
**PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT**
**WEST PARK ET AL**
**Motion No.  001**

9 of 18

would have been responsible for recording the minutes of any meeting at which the Presbytery voted to consent to the Lease, and who states unequivocally that no such consent was ever given.

The defendant further contends that three of the affidavits upon which the plaintiff relies, including the McNeill affidavit and the exhibits thereto, were submitted for the first time on reply and should therefore not be considered by the court. This contention is unavailing. Generally, a movant seeking summary judgment may not make its *prima facie* showing in reliance on evidence introduced for the first time in reply, thereby shifting to the nonmoving party the burden of demonstrating the existence of a triable issue of fact at a time when that party has no opportunity to respond. See Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380 (1st Dept. 2006); see Burlington Ins. Co. v Guma Const. Corp., 6 AD3d 622 (2nd Dept. 2009). "This rule, however, is not inflexible, and a court, in the exercise of its discretion, may consider . . . evidence offered for the first time in reply where the offering party's adversaries responded to the newly presented . . . evidence." Id. at 381-82 (affidavit submitted in petitioner's reply was properly considered where the respondent addressed the affidavit in a sur-reply that it subsequently submitted in support of its own cross-motion). Here, as in Kennelly, supra, the defendant submitted a sur-reply in support of its cross-motion in which it addressed the affidavits and associated exhibits submitted for the first time in the plaintiff's reply. As such, the defendant suffered no prejudice as a result of the plaintiff's belated evidentiary submissions, and the court, in the exercise of its discretion, may and will consider them. See 2023 Westchester Assocs., LLC v Ben Ave, LLC, 190 AD3d 627 (1st Dept. 2021); Hereford Ins. Co. v Vazquez, 158 AD3d 470 (1st Dept. 2018).

The plaintiff has thus demonstrated, *prima facie*, that neither Presbytery consent nor court approval was ever obtained for the Lease, as required by RCL § 12(1), and the defendant, in

652924/2022 WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL
Motion No. 001

Page 10 of 18

10 of 18

opposition, has failed to raise a triable issue of fact. As such, the Lease is "void *ab initio* as a violation of [RCL] § 12." Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua, supra at 411 (internal quotation marks omitted); see Wiggs v Williams, 36 AD3d 570, 571 (1st Dept. 2007) (conveyance ineffective for lack of court approval required by RCL § 12); cf. MG W. 100 LLC v St. Michael's Protestant Episcopal Church, 127 AD3d 624, 625 (1st Dept. 2015) (MOU was not void *ab initio* because it did not violate RCL § 12).

The defendant proposes that this court may nevertheless issue a confirmatory order retroactively approving the Lease pursuant to RCL § 12(9). However, a confirmatory order under RCL § 12(9) may not be issued because the defendant has not demonstrated that there is any approval to confirm, *ie.* that the Presbytery has given its written consent to the Lease. RCL §§ 12(1), (5-a), (9); see 2520 Jerome Ave., LLC v Corp. of Rector, Churchwardens & Vestrymen of Saint James Episcopal, 185 AD3d 439, 439 (1st Dept. 2020) (lack of consent from "Bishop, Standing Committee and Diocese" precludes grant of specific performance of contract to sell church property); Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua, supra. Further, to the extent the defendant seeks an order enjoining the plaintiff to pursue the Presbytery's consent to the Lease as a precondition to an application for a confirmatory order under RCL § 12(9), the plaintiff's submissions demonstrate that such an order would be futile. The Presbytery, as demonstrated by the minutes of its June 7, 2022, quarterly meeting, has already determined that the plaintiff and its members will be best served by the proposed sale of the Premises to Alchemy, voting by an overwhelming margin of 91 to 3 to approve the sale which, by the express terms of the purchase and sale agreement, necessarily entails the termination of the Lease. Moreover, the only possible basis for such an injunction would be the defendant's counterclaim for fraud in the inducement which, as will be discussed further below, is dismissed

652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK          Page 11 of 18
PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT
WEST PARK ET AL
Motion No. 001

11 of 18

pursuant to CPLR 3211(a)(7) for failure to state a claim. This conclusion is keeping with the intent of Religious Corporation Law § 12 which "was intended to protect the members of such corporations" from "unwise bargains." Female Academy of Sacred Heart v Doane Stuart School, 91 AD3d 1254, 1256 (3rd Dept.2012) (lease of church property voidable at religious corporation's option).

Therefore, the branch of the plaintiff's motion seeking summary judgment on its first cause of action for a judgment declaring the Lease void *ab initio* because it violates RCL § 12 is granted. Having declared the Lease void, summary judgment on the second cause of action for ejectment is likewise granted. The plaintiff's submissions demonstrate its ownership of the Premises, its right to possession thereof, and that the defendant is currently in possession of the Premises pursuant to the void and invalid Lease. See RPAI Pelham Manor, LLC v Two Twenty Four Enterprises, LLC, 144 AD3d 1125, 1126 (2nd Dept. 2016).

B. Dismissal of Counterclaims

The branch of the plaintiff's motion that seeks the dismissal of the defendant's second and third counterclaims is granted. The second counterclaim is for breach of the Lease, while the third counterclaim seeks a judgment declaring, essentially, that the Lease is valid, the plaintiff is in breach of the Lease, and the defendant is entitled to continued occupancy of the Premises pursuant to its renewal option, as well as an injunction preventing the plaintiff from evicting the defendant from the Premises. Given the court's determination that the Lease is void *ab initio*, these counterclaims necessarily fail as a matter of law.

The branch of the plaintiff's motion seeking dismissal of the defendant's first counterclaim for fraud in the inducement is also granted pursuant to CPLR 3211(a)(7) for failure to state a claim. "To state a claim for fraudulent inducement, there must be a knowing

652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK          Page 12 of 18
PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT
WEST PARK ET AL
Motion No.  001

12 of 18

misrepresentation of material present fact, which is intended to deceive another party and induce that party to act on it, resulting in injury." Genger v Genger, 144 AD3d 581, 582 (1st Dept. 2016) (internal quotation marks omitted). Further, there must be justifiable reliance on the alleged misrepresentation. See Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 (2017). Crucially, "[t]o give rise, under any circumstances, to a cause of action, either in law or equity, reliance on the false representation must result in injury. . . . If the fraud causes no loss, then the plaintiff has suffered no damages." Id. (internal quotation marks omitted); see Genger v Genger, supra ("A claim of fraud in the inducement requires proof of actual pecuniary loss.") (internal quotation marks omitted). The defendant's claim is premised on the contention that the plaintiff, by asserting in paragraph 16 of the Lease that it had "full power and authority" to enter into the Lease, misrepresented that it had obtained the Presbytery's consent and the court's approval for the Lease, as required by RCL § 12. However, the defendant's allegations regarding the plaintiff's fraudulent intent in making this claimed misrepresentation, as well as the defendant's reasonable reliance on it, are entirely speculative and conclusory, and thus insufficient to state a claim. See Dashdevs LLC v Cap. Markets Placement, Inc., 210 AD3d 525, 526 (1st Dept. 2022) (vague, conclusory, or speculative allegations are insufficient to state a claim); Mamoon v Dot Net Inc., 135 AD3d 656, 658 (1st Dept. 2016) (factual allegations that consist of bare legal conclusions are not entitled to presumption of truth or benefit of favorable inferences on motion to dismiss pursuant to CPLR 3211[a][7]).

To the extent that the defendant alleges that the plaintiff misrepresented that it had already obtained court approval for the Lease as per RCL § 12, the defendant cannot show that it reasonably or justifiably relied on any such representation "because [it] had the means to discover the true facts by the exercise of 'ordinary intelligence' or upon 'reasonable

652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK          Page 13 of 18
PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT
WEST PARK ET AL
Motion No. 001

13 of 18

investigation.'" <u>McDonald v McBain</u>, 99 AD3d 436, 436 (1st Dept. 2012), <u>quoting</u> <u>Zanett</u> <u>Lombardier, Ltd. v Maslow</u>, 29 AD3d 495, 496 (1st Dept. 2006). As already noted, a court order approving the Lease would be a matter of public record and could easily have been discovered by the defendant upon reasonable investigation. <u>See</u> <u>NYCTL Trust v Reverend C.T. Walker</u> <u>Hous. Dev. Fund Corp.</u>, 187 AD3d 409 (1st Dept. 2020) (purchaser of real property failed to exercise due diligence to discover restrictive covenant on property which was a public record); <u>compare</u> <u>McGuinness v Standard Drywall Corp.</u>, 193 AD2d 518 (1st Dept. 1993) (judgment creditor is not obligated to find fraudulent transfers made by debtor seven years prior).

Additionally, the defendant fails entirely to allege how any reliance on the plaintiff's purported misrepresentation resulted in an actual injury. It certainly does not plead a "pecuniary loss," as it expressly alleges that it "has no remedy at law." The defendant does allege that, pursuant to the terms of the Lease, it paid rent and raised funds to aid in renovating and restoring the Premises. The defendant avers that it raised approximately $500,000 to date but provides no proof of such funds being collected or expended. Further, the defendant seeks "restitution" of that amount only in regard to its second counterclaim for breach of contract. It never expressly claims that these expenditures constitute recoverable damages for purposes of the first counterclaim for fraud in the inducement. Indeed, the defendant alleges that those funds were from others, not from itself. Moreover, the defendant does not dispute that it obtained the benefits for which it bargained - possession and use of the Premises. Indeed, the defendant does not seek money damages to recoup any out-of-pocket loss resulting from the plaintiff's alleged fraud. Rather, it seeks specific performance so that it may remain in possession of the Premises and continue making those contract payments.

**652924/2022  WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK**
**PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT**
**WEST PARK ET AL**
**Motion No.  001**

**Page 14 of 18**

14 of 18

Accordingly, because the defendant fails to state a cognizable claim for fraud in the inducement, the defendant's first counterclaim is dismissed. The court need not address the additional ground asserted by the defendant under CPLR 3211(a)(1).

C.  Dismissal of Affirmative Defenses

The branch of the plaintiff's motion seeking dismissal of the defendant's affirmative defenses is granted.  In its answer, the defendant asserts nine affirmative defenses: (1) failure to state a claim; (2) that the plaintiff is in default and material breach of the Lease; (3) failure to comply with condition precedent to a claim for breach of the Lease; (4) ratification of the Lease; (5) unclean hands; (6) inapplicability of RCL § 12 because the Lease was only for a five-year term; (7) that the defendant has not defaulted under the Lease; (8) waiver and estoppel; and (9) the plaintiff's obligation to act in good faith, and with fair dealing, by applying to the court for retroactive approval of the Lease.[1]  The first, fifth, and eighth purported affirmative defenses are improperly asserted in a conclusory manner without any detail.  See Commr. of State Ins. Fund v Ramos, 63 AD3d 453 (1st Dept. 2009); Mfrs.Hanover Trust Co. v Restivo, 169 AD2d 413 (1st Dept. 1991).  CPLR 3013 expressly requires that all "statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense."  In any event, given the grant of summary judgment to the plaintiff on its claims, the defendant cannot reasonably argue that the complaint fails to state a cause of action.  The others are patently devoid of merit because the plaintiff does not assert a claim for breach of the Lease; RCL § 12 is applicable to the Lease for the reasons already discussed; the

_____

[1] The first and second counterclaims are each also denominated in the answer as a "Tenth Affirmative Defense." Because those counterclaims have already been addressed, there is no need to discuss them again here.

**652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL**
**Motion No.  001**

**Page 15 of 18**

15 of 18

plaintiff cannot evade the requirements of RCL § 12 and unilaterally render the Lease valid via ratification; and the court cannot retroactively approve the Lease absent the Presbytery's consent, which has not been given and, the plaintiff's proof demonstrates, will not be forthcoming.

D. Cross-Motion for Leave to Amend and to Compel Discovery

The defendant's' cross-motion for leave to amend the answer is denied. The defendant seeks to further amend its amended answer to add a fourth counterclaim that explicitly seeks a confirmatory order approving the Lease pursuant to RCL § 12(9). This proposed counterclaim, which merely repackages the defendant's claims for specific performance and injunctive relief in connection with its three original counterclaims, is "patently devoid of merit" (JPMorgan Chase Bank, N.A. v Low Cost Bearings NY, Inc., supra) for reasons already discussed herein.

The defendant also seeks to add an affirmative defense alleging that the plaintiff failed to name the defendant's subtenants as parties to this litigation, and therefore cannot obtain an order of eviction against such sub-tenants. First, the court notes that the defendants themselves have failed to identify any current subtenants. In any event, any subtenant of the defendant would not be a necessary party "whose presence is indispensable to the according of complete relief" as between the plaintiff and the defendant. Triborough Bridge & Tunnel Auth. v Wimpfheimer, 165 Misc 2d 584 (App Term, 1st Dept. 1995); see Joscar Co. v Arlen Realty, 54 AD2d 541 (1st Dept. 1976); 1234 Broadway LLC v Hsien Hua Ying, 50 Misc 3d 140(A) (App Term, 1st Dept. 2016). This is because a subtenant is "not in contractual privity with the owner" and thus "termination of the lease [will] terminate [the] subtenancy." 117-119 Leasing Corp. v Reliable Wool Stock, LLC, 139 AD3d 420, 421 (1st Dept. 2016).

**652924/2022 WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL Motion No. 001** Page 16 of 18

16 of 18

The branch of the defendant's cross-motion seeking to compel the plaintiff's compliance with discovery demands is denied as moot given the grant of summary judgment to plaintiff on its claims and the dismissal of the defendant's counterclaims.

The defendant's remaining contentions have been considered and found to be unavailing.

V.    CONCLUSION

Accordingly, upon the foregoing papers and after oral argument, it is

ORDERED that the motion of the plaintiff,  West-Park Presbyterian Church of New York City d/b/a West Park Presbyterian Church, for summary judgment pursuant to CPLR 3212 on its first and second causes of action, for a declaratory judgment and ejectment, and to dismiss, pursuant to CPLR 3211(a) and (b), the affirmative defenses and counterclaims  of the defendant, The Center at West Park, Inc. d/b/a The Center at West Park's, is granted; and it is further

ORDERED, ADJUDGED, and DECLARED that the lease dated April 6, 2018, entered into between the plaintiff, West-Park Presbyterian Church of New York City d/b/a West Park Presbyterian Church, and the defendant, The Center at West Park, Inc. d/b/a The Center at West Park, is void as violative of New York Religious Corporations Law § 12; and it is further

ADJUDGED that the plaintiff, West-Park Presbyterian Church of New York City d/b/a West Park Presbyterian Church, is entitled to possession of 165 West 86th Street, New York, NY 10024, as against the defendant, The Center at West Park, Inc. d/b/a The Center at West Park, and the Sheriff of the City of New York, County of New York, and/or the  New York City Marshal, upon receipt of a certified copy of this Order and Judgment and payment of proper fees, is directed to place plaintiff in possession accordingly; and it is  further

652924/2022   **WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL**
Motion No.  001

Page 17 of 18

17 of 18

ADJUDGED that immediately upon entry of this Order and Judgment, plaintiff West-Park Presbyterian Church of New York City d/b/a West Park Presbyterian Church, may exercise all acts of ownership and possession of 165 West 86th Street, New York, NY 10024, including entry thereto, as against the defendant, The Center at West Park, Inc. d/b/a The Center at West Park, and it is further

ORDERED that the counterclaims and affirmative defenses of the defendant, The Center at West Park, Inc. d/b/a The Center at West Park, are dismissed; and it is further

ORDERED that the cross-motion of the defendant, The Center at West Park, Inc. d/b/a The Center at West Park, to compel discovery and for leave to amend the answer is denied; and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision, Order, and Judgment of the court.

20240220230030NBANNONB8DC27C775DE44DC91AF98DFF480C46C

| **2/20/2024** | | | |
|---|---|---|---|
| **DATE** | | | **NANCY M. BANNON, J.S.C.** |

CHECK ONE:

| | | | |
|---|---|---|---|
| X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| X | GRANTED | DENIED | GRANTED IN PART | OTHER |

652924/2022   WEST-PARK PRESBYTERIAN CHURCH OF NEW YORK CITY D/B/A WEST PARK PRESBYTERIAN CHURCH vs. THE CENTER AT WEST PARK, INC. D/B/A THE CENTER AT WEST PARK ET AL
Motion No. 001

Page 18 of 18

18 of 18

[* 18]