■ 170 WEST 85TH STREET TENANTS ASSOCIATION et al., Respondents, v NILDA CRUZ, Respondent, and FREDDY MOSQUERA, Appellant.—Order of the Appellate Term, First Department (entered October 27, 1989), which affirmed a judgment of the Civil Court, Housing Part (Steven Zarkin, H.J.), awarding a final judgment of possession to petitioner-landlord, unanimously affirmed, without costs.

Petitioner operates the subject building as net lessee and managing agent for the owner, the City of New York, under the Tenant Interim Lease Program. Respondent Nilda Cruz is the tenant of record of apartment 3NE. Respondent Freddy Mosquera is the occupant of apartment 3NE who, although unrelated to the tenant, claims to have lived "as a family with Nilda Cruz for almost 10 years." The net lease requires petitioner tenants association to terminate the tenancy of any tenant who sublets or assigns an apartment without the prior written consent of the Department of Housing Preservation and Development ("HPD"). It is uncontested that no such consent was obtained from HPD. The Housing Judge found that respondent Cruz had not resided in the apartment for at least five months. The court further found that there was no legal relationship between Cruz and the occupant Mosquera which would entitle him to retain possession of the premises.

On this appeal, respondent-occupant Mosquera first contends that Civil Court lacked subject matter jurisdiction over him because he did not receive statutory notice, either a 30-day notice as required by Real Property Law § 232-a or a 10-day notice as required by RPAPL 713 (3) or (7).

At the outset, we note that Civil Court is vested with subject matter jurisdiction over housing matters by statute (CCA 110). The failure of a petitioner to comply with a statutory notice requirement, where applicable, represents merely the failure to comply with a condition precedent to suit and cannot properly be said to affect the court's jurisdiction. In the instant proceeding, respondent can point to no statutory basis requiring him to be served with notice. Absent a surrender of possession by the tenant (see, Matter of Eight Cooper Equities v Abrams, 143 Misc 2d 52, 54-55 [surrender is accomplished by vacating the premises and returning the keys to landlord]), which is not established by the record before us, the lessor must obtain a judgment of possession against the lessee pursuant to RPAPL 711 and may not proceed directly against the undertenant, whether licensee, subtenant or occupant, pursuant to RPAPL 713 (100 W. 72nd St. Assocs. v Murphy, 144 Misc 2d 1036, 1039). Therefore, the 10-day notice provision of RPAPL 713 is inapposite, and the 30-day notice provision of Real Property Law § 232-a is applicable only to respondent Cruz as the immediate tenant of the lessor.

The rights of a person whose claim to possession derives from the lessee are subordinate and are extinguished by a judgment of possession in favor of the lessor. Due process requires only that, for the warrant to be effective against a

subtenant, licensee or occupant, he be made a party to the proceeding, either by naming him in and serving him with the petition and notice of petition or by joining him as a party during the pendency of the proceeding (CPLR 401; CCA 110 [d]). Mosquera was served with a copy of the petition and notice of petition, naming him as "Freddy Doe (Undertenant)", which was legally sufficient to give him notice of the proceeding.

Respondent Mosquera next maintains that the failure of the court to appoint an attorney to represent him in this proceeding denied him due process of law. As we noted in *Donaldson v State of New York* (156 AD2d 290, 293, *lv dismissed* 75 NY2d 1003), the appointment of counsel is ancillary to an order granting leave to proceed in forma pauperis and is entirely within the discretion of the motion court (CPLR 1102 [a]). It should also be observed that the Civil Court Act contemplates pro se litigation in the Housing Part (CCA 110 [o]).

Finally, respondent is mistaken in his contention that the burden to prove that he was a tenant of record or a member of the tenant's immediate family was improperly placed upon him. The provisions of law governing the occupancy of apartments are explicit. Occupancy by the tenant's immediate family and one additional person (plus children) is permitted only so long as "the tenant or the tenant's spouse occupies the premises as his primary residence" (Real Property Law § 235-f [3]). As it is conceded that the tenant, Cruz, no longer occupies the premises and that respondent Mosquera is not her spouse, the lease may not be construed to permit his continued occupancy of the premises. Moreover, any person claiming a right to occupancy based upon the Court of Appeals' expansive definition of "family" contained in *Braschi v Stahl Assocs. Co.* (74 NY2d 201, 211) is obliged to prove that he resided in a household with the tenant "having all of the normal familial characteristics". Thus, whether Mosquera's claim is predicated on statutory or case law, the burden of proof is his. The record of the proceeding clearly supports the conclusion reached by the Housing Judge that this burden was not met *(Claridge Gardens v Menotti,* 160 AD2d 544). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.