■ JACQUELINE LOIRA, Appellant, v NICK ANAGNASTOPOLOUS, Respondent. [612 NYS2d 189] —In an action, *inter alia,* to recover damages for wrongful eviction, the plaintiff appeals from an order of the Supreme Court, Queens County (Rutledge, J.) dated September 25, 1992, which denied her motion for a preliminary injunction staying the eviction, dismissed the complaint, and imposed sanctions against her.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the court erred in dismissing the complaint in the absence of a motion by the defendant to dismiss pursuant to CPLR 3211 (a). We disagree. When, as in this case, the plaintiff has moved for a preliminary injunction, the court has the authority to dismiss a defective complaint

even in the absence of a formal cross motion *(see, Shapiro v City of New York,* 67 Misc 2d 1021, 1028, *affd* 32 NY2d 96).

There is no merit to the plaintiff's contention that she should have been made a party to the holdover proceeding in the Civil Court. Since the plaintiff is merely the daughter of the tenant, she can be removed from the premises even though she was not a party to the holdover proceeding *(see,* 2 Rasch, New York Landlord and Tenant—Summary Proceedings § 38:32, at 615 [3d ed]).

Finally, we conclude that, under the circumstances of this case, the plaintiff had a reasonable opportunity to be heard before the court imposed sanctions against her (22 NYCRR 130-1.1 [d]). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.