OPINION OF THE COURT
Michael D. Stallman, J.
Is the failure to name and serve a known subtenant fatal to a summary proceeding? Can the defect be cured during pendency, either by joinder of the absent party, or commencement of a separate proceeding and consolidation?
Petitioner commenced this commercial holdover proceeding (Proceeding I, L&T index No. 11826/93), based on the termination of a month-to-month tenancy, against Henry Wimpfheimer, Michael C. Wimpfheimer, and the law firm of Wimpfheimer and Wimpfheimer, named as respondent tenants and "John Doe” and "Jane Doe”, named as undertenants. Petitioner subsequently commenced another holdover proceeding on the same grounds (Proceeding II, L&T index No. 95971/94), naming Henry Wimpfheimer, Michael C. Wimpfheimer, and the law firm of Wimpfheimer and Wimpfheimer as respondent tenants, and specifically naming Loru Associates, 30 Monroe Place Corporation, Jerry Heyman and Moshe Neiss as respondent undertenants in addition to "John Doe” and "Jane Doe.” Both proceedings are now before the court.
*414 Respondents move for leave to conduct discovery; petitioner cross-moves for partial summary judgment for possession and a money judgment, and for dismissal of the third, fifth and sixth affirmative defenses and counterclaim. Petitioner also moves to consolidate Proceeding I with Proceeding II. These motions are consolidated for disposition.
The sixth affirmative defense in tenant’s answer in Proceeding I asserts that the proceeding must be dismissed because the termination notice and petition are fatally defective in that they fail to name a necessary and indispensable party to this proceeding, namely the subtenants known to petitioner, Loru Associates, 30 Monroe Place Corporation, Jerry Heyman and Moshe Neiss.
Real Property Law § 232-a requires that a month-to-month tenancy be terminated by service of a 30-day notice to be served by the landlord or its agent upon the tenant; it does not require service on anyone else. (170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338.) Thus, the proceeding need not be dismissed because the termination notice was not served on the subtenants.
CPLR 1001 (a) provides that necessary parties are: "Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.”
Petitioner initially and conclusorily claimed that it did not know of the existence of the subtenants when it commenced Proceeding I. Respondents have disputed this contention by offering evidence that petitioner knew of the identity of the subtenants since it listed the subtenants by name on the building directory located in the lobby. Petitioner has not disputed the fact of the directory listing. Thus, there being no triable factual issue presented by these papers, the court concludes that petitioner knew of the presence and identity of the subtenants in the premises at issue at the time Proceeding I was commenced.
It is clear that a subtenant is a necessary party to a summary proceeding if complete relief is to be afforded. Due process requires that, for a warrant to be effective against a subtenant, he or she must be included as a party in the proceeding and served with the petition and notice of petition. (CPLR 401; CCA 110 [d].)
If the subtenant’s identity is known, the subtenant must be *415 listed by name as a party in the petition and notice of petition, otherwise petitioner would not have conveyed notice reasonably calculated to be received and the subtenant would not have an adequate opportunity to be heard. When petitioner knows that a subtenant is in occupancy but does not know its identity, the law still requires that it be named as a party and served. However, the law permits its designation as a party by the customary "John or Jane Doe” or "XYZ Corporation”, specified as pseudonyms. (See, CPLR 1024.) When the petitioner does not know of a subtenant’s identity, the customary service on "John Doe” is sufficient; termination of the tenant’s estate necessarily terminates the subtenant’s estate. Due process requires a reasonable attempt at conveying notice; it does not require clairvoyance.
In the instant cases, the petitioner manifestly knew of the names and occupancy of the subtenants before commencing the first proceeding. If the court were to hold that the tenants lacked standing to assert as a ground for dismissal petitioner’s failure to name and serve these subtenants, the court would make itself party to potential injustice.
Some cases have characterized certain subtenants as proper but not necessary parties. (See, Teachers Coll, v Wolterding, 77 Misc 2d 81.) This view is understandable in the usual situation where, after the respondent tenant appears, the petitioner first learns of the existence and identity of a subtenant, usually by a purported subtenant coming forward or the tenant raising the issue. Any new individual or entity asserting rights in the premises has the right to be heard and can seek to intervene or be joined as a party. When a petitioner first learns of the existence and identity of a subtenant after proper commencement, the petitioner should seek joinder to prevent later challenges to the judgment and warrant.
Significantly, postcommencement joinder of a subtenant has been held appropriate where there was no indication that the subtenants were known to the petitioner when the proceeding was commenced. (See, 842 Broadway Assocs. v Karen Sq. Corp., NYLJ, Dec. 23, 1991, at 23, col 4 [App Term, 1st Dept], citing Rasch, New York Landlord and Tenant — Summary Proceedings § 38:31, at 615 [3d ed].)
This principle has both a protective and punitive aspect. First, it is intended to protect the rights of known absent but necessary parties who could be prejudiced if any action is taken, even prior to their joinder. Particularly in a summary *416 proceeding seeking possession, a statutory remedy in derogation of the common law which must be strictly construed, an owner should not be permitted to do anything in the absence of a known occupant. To permit postcommencement joinder would only encourage initial nonjoinder by accident or design.
In order to avoid dismissal of Proceeding I, petitioner argues that the subtenants really were named in Proceeding I by the designations "John Doe” and "Jane Doe.”[1] Petitioner’s argument begs the question. Although CPLR 1024 permits a party to proceed against another party when all or part of the name is unknown, by "designating so much of his [or her] name and identity as is known”, such a designation may not be made if the party’s name is known. (First Fed. Sav. & Loan Assn, v Souto, NYLJ, July 14, 1993, at 25, col 6, citing ABKCO Indus. v Lennon, 52 AD2d 435.) Here, it is incontroverted that petitioner knew the subtenants’ identity before commencing Proceeding I because petitioner had listed the subtenants by name on the building directory. CPLR 1024 and the "John Doe” usage are inapplicable.
Petitioner has attempted to remedy its failure to name and serve the subtenants in Proceeding I by commencing a separate proceeding (Proceeding II) and moving here for consolidation of the two proceedings.[2] Consolidation is denied for the following reasons.
Petitioner concedes that it never served the tenants with the petition and notice of petition in Proceeding II. Petitioner’s unsupported, conclusory assertion that the tenants "knew about” the proceeding does not excuse its failure to make jurisdictional service. It is hornbook law that actual or constructive notice of a proceeding is no substitute for proper, jurisdictional service in the manner required by statute.
Under the circumstances pleaded by petitioner in Proceeding II, namely that respondents were tenants and Loru Associ *417 ates, 30 Monroe Place Corporation, Jerry Heyman and Moshe Neiss were subtenants, that proceeding cannot be maintained. Petitioner may not commence and maintain a proceeding against the subtenants only, without also naming and serving the tenants with the petition and notice of petition. The tenants are necessary parties. Moreover, absent the tenant’s surrender of possession, the petitioner must proceed to obtain a possessory judgment against the tenant and may not proceed directly to evict a subtenant. (170 W. 85th St. Tenants Assn, v Cruz, supra.) Simply serving the tenants’ attorney with this motion to consolidate does not give this court jurisdiction over those tenants, who were never jurisdictionally served with a copy of the petition and notice of petition in Proceeding II.[3]
Accordingly, the court grants reverse summary judgment dismissing Proceeding I for failure to name and serve the known subtenants, who are necessary parties to that proceeding. This dismissal is without prejudice to commencement of a new proceeding which shall properly name and serve all known occupants of the premises. The Part 52 markings on the back of the Proceeding II petition indicate that it was to follow Proceeding I; accordingly, Proceeding II, not being maintainable, is marked off the Trial Calendar.[4]
The remaining motions and cross motions are denied as moot.

. The court notes that petitioner added the names of the subtenants to the caption of Proceeding I; this improper alteration has no effect other than causing confusion for the court. Unilaterally adding names of parties to a caption in the absence of a properly commenced proceeding can have no jurisdictional effect. (Matter of Crespo, 123 Misc 2d 862.) However, since there is no evidence that this addition was deliberately done to mislead or confuse the court, it is not sanctionable.

. Petitioner has not moved to join the subtenants in Proceeding I. The court has already indicated, supra, that joinder would be inappropriate here, whether sought by motion or sua sponte, because petitioner knew of their identity and occupancy before commencing the first proceeding.

. The subtenants in Proceeding II have not answered or appeared and were not served with the motion to consolidate.

. Proceeding II is not included in the motion for summary judgment and is thus not subject to dismissal at this time.