Azria v Azria (2020 NY Slip Op 03188)





Azria v Azria


2020 NY Slip Op 03188


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


350021/17 -1380

[*1] Maria Alexis Azria, Plaintiff-Appellant,
v
Rene-Pierre Azria, Defendant-Respondent.


Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Robert Stephan Cohen of counsel), for appellant.
Dobrish Michaels Gross LLP, New York (Robert Z. Dobrish of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered September 10, 2019, which, inter alia, denied plaintiff wife's motion for the issuance of letters rogatory in order to depose defendant husband's brother Francois, who lives in France, unanimously affirmed, without costs. Order, same court and Justice, entered November 15, 2019, which denied the wife's motion to disqualify the husband's co-counsel (Dobrish Firm), unanimously affirmed, without costs.
The wife failed to demonstrate that the information sought via international deposition is crucial to the resolution of a key issue in this litigation (see Kahn v Leo Schachter Diamonds, LLC, 139 AD3d 635 [1st Dept 2016]; CPLR 3113[a][3]). The wife argues that two loans the husband received from a revocable trust (Trust), of which he and Francois are co-trustees, were made in violation of the terms of the Trust. However, the issue of whether the husband violated a trust instrument or breached his fiduciary duty in his role as a trustee is not relevant in this matrimonial proceeding.
The wife further failed to show why she does not already have the necessary information for the imputed income argument she hopes to make. The husband states he has already produced account statements from the Trust for the entire time period she requested, and that she received duplicates of such statements and updated records of account activity via subpoena.
The motion court also exercised its discretion in a provident manner in denying the wife's motion to disqualify the Dobrish Firm (see Macy's Inc. v J.C. Penny Corp., Inc., 107 AD3d 616 [1st Dept 2013]). The record shows that in 2016, the wife had a meeting and a couple of follow-up phone calls with a partner in the Dobrish Firm, but she did not retain the firm. Thereafter, in 2019, the husband retained the firm as cocounsel.
The wife fails to show that the partner with whom she met received information from her that could be significantly harmful to her in connection with the Dobrish Firm's representation of the husband (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.18[c]; Mayers v Stone Castle Partners, LLC, 126 AD3d 1, 6-7 [1st Dept 2015]). Furthermore, the financial information she shared with the partner would have been subject to discovery and was already known to the husband (see Bongiasca v Bongiasca, 254 AD2d 217 [1st Dept 1998], lv dismissed 93 NY2d 1040 [1999]).
We have considered the wife's remaining arguments and find them unavailing.
M-1380 - Azria v Azria
Motion to take judicial notice
of fact denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK