Azria v Azria (2021 NY Slip Op 05621)





Azria v Azria


2021 NY Slip Op 05621


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Pitt, Higgitt, JJ. 


Index No. 350021/17 Appeal No. 14394 Case No. 2020-04355 

[*1]Maria Alexis Azria, Plaintiff-Appellant,
v
Rene-Pierre Azria, Defendant-Respondent.


Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Robert Stephan Cohen and Nicholas Ferris Cohen of counsel), for appellant.
Donohoe Talbert LLP, New York (Margaret M. Donohoe of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered November 4, 2020, which denied plaintiff wife's motion for leave to renew her motion for an order issuing a letter rogatory to French authorities to take the deposition of defendant husband's brother Francois, who lives in France, and granted defendant's cross motion to the extent of ordering her to pay $10,000 of his counsel fees, unanimously modified, on the law and the facts, to deny the cross motion and vacate the counsel fee award, and otherwise affirmed, without costs.
The submitted "new facts" (CPLR 2221[e][2]) notwithstanding, plaintiff failed to demonstrate that the information she seeks from Francois is "crucial to the resolution of a key issue in this litigation" (Azria v Azria, 184 AD3d 419, 419 [1st Dept 2020]). She argues that Francois's deposition is necessary to the issue of equitable distribution, because evidence she obtained in connection with the deposition of defendant's friend and business associate Ariel Lahmi shows that defendant had falsely represented the extent of his and Francois's investments in the property known as 30 Park. Specifically, plaintiff contends that, while defendant asserted that Francois invested $1 million in the property, wire transfer records produced by Lahmi, who was involved in the investment transaction, show that Francois had invested $500,000 at the most, and that this discrepancy, viewed along with other discovery, means that the remainder of Francois's supposed investment must have been funded by defendant himself, who used Francois as a front so as to fraudulently conceal marital assets. However, in opposing plaintiff's motion, defendant submitted a document reflecting a second $500,000 wire transfer by Francois in connection with 30 Park and an affidavit by Lahmi's counsel providing a reasonable explanation for the delay in discovering the document.
Plaintiff's suspicions about the timing of the document's production are speculative, given Lahmi's counsel's sworn statement explaining the document's belated production, which plaintiff has cast no doubt. Plaintiff's suspicions that defendant used Francois to fraudulently conceal marital assets are also speculative. Moreover, plaintiff has identified no deficiencies in defendant's document production concerning the 30 Park transaction that Francois's deposition would be necessary to cure (see Kahn v Leo Schachter Diamonds, LLC, 139 AD3d 635, 636[1st Dept 2016]).
Under the circumstances, plaintiff did not engage in frivolous conduct within the meaning of 22 NYCRR 130.1-1 by making and declining to withdraw her renewal motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021