401 Broadway Bldg., LLC v Barra & Assoc., PLLC (2023 NY Slip Op 50377(U))

[*1]

401 Broadway Bldg., LLC v Barra & Assoc., PLLC

2023 NY Slip Op 50377(U)

Decided on April 25, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570042/23

401 Broadway Building, LLC, Petitioner-Landlord-Appellant, 
against
Barra & Associates, PLLC, Respondent-Tenant, and Dong Lu a/k/a David Lu, Respondent-Undertenant-Respondent, and Judy Lu and Bill Wu, Respondents-Undertenants.

Landlord, as limited by its brief, appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Feinman, J.), dated October 3, 2022, insofar as it denied its cross motion for summary judgment of possession and a money judgment for use and occupancy against undertenant Dong Lu, and for an inquest against the defaulting tenant in a commercial holdover proceeding.

Per Curiam.
Order (Carol R. Feinman, J.), dated October 3, 2022, insofar as appealed, modified to the extent of granting landlord's cross motion against the defaulting tenant of record and that portion of landlord's cross motion against respondent-undertenant Dong Lu seeking interim use and occupancy; as modified, order affirmed, without costs, and matter remanded to Civil Court to determine the amount of use and occupancy and to conduct an inquest against the defaulting tenant.
Landlord properly terminated the commercial month to month lease at the end of a term, by serving upon tenant a sixty day notice of termination pursuant to the agreed notice provision in the lease (see generally Lease Fin. Group, LLC v Moore, 42 Misc 3d 135[A], 2014 NY Slip [*2]Op 50074[U] [App Term, 1st Dept 2014]; Four Star Holding Co. v Alex Furs, 153 Misc 2d 447 [App Term, 1st Dept 1992]). Inasmuch as tenant did not answer, landlord's motion for an inquest should have been granted.
Landlord was entitled to an award of interim use and occupancy against respondent-undertenant (see Carlyle, LLC v Beekman Garage LLC, 133 AD3d 510 [2015]). However, landlord's request for a possessory judgment against said undertenant is premature in the absence of a judgment against the tenant (see 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338 [1991]). Landlord may renew its request once it obtains possession from tenant. We note, however, that undertenant's motion to dismiss was properly denied. Undertenant is not a party to the lease with landlord, not entitled to service of a notice of termination, and lacks standing to challenge the notice of termination served upon tenant (see 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338; Chelsea 139, LLC v Saunders, 32 Misc 3d 140[A], 2011 NY Slip Op 51572[U] [App Term, 1st Dept 2011]; West End Assoc. v McGlone, 32 Misc 3d 145[A], 2011 NY Slip Op 51732[U] [App Term, 1st Dept 2011]). Undertenant's other claims, even assuming he had standing to raise them, formed no defense to the commercial holdover proceeding.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 25, 2023