Bagatelle Little W. 12th LLC v JEC II, LLC (2024 NY Slip Op 50453(U))

[*1]

Bagatelle Little W. 12th LLC v JEC II, LLC

2024 NY Slip Op 50453(U)

Decided on April 19, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 19, 2024
Supreme Court, New York County

Bagatelle Little West 12th LLC, Plaintiff,

against
JEC II, LLC, THE ONE GROUP, LLC, BAGATELLE AMERICA, LLC, BAGATELLE MIAMI, LLC, BRAND ESSENCE HOSPITALITY GROUP LLC, IN THE BUZZ LLC, BAGATELLE LONDON HOLDINGS LTD., BAGATELLE GROUP, INC., HUDSON ROOFTOP LLC, BAGATELLE DOWNTOWN, LLC, REMI LABA, Defendant.

Index No. 155123/2020

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 008) 183, 184, 185, 190 were read on this motion for DISCOVERY.
This action involves a dispute over a restaurant joint venture. In motion sequence 008, defendants/counterclaimants move, pursuant to CPLR §3102 and §3108, for the issuance of letters rogatory to the appropriate authority in France to compel the production of documents from nonparty company, NextStage. For the reasons set forth below, this request is denied.
In all cases involving international discovery, the court should take into account the importance of the information sought to the litigation, the degree of specificity of the request, the availability of alternative means of securing the information, the extent to which noncompliance with the request would undermine important interests of the United States, or whether compliance with the request would undermine important interests of the state where the information is located (Richbell Info. Servs., Inc. v Jupiter Partners L.P., 32 AD3d 150, 155—56, 816 N.Y.S.2d 470, 475 (1st Dept 2006); Restatement (Third) of the Foreign Relations Law of the United States § 442[1][c]). It is well known that the scope of American discovery is often significantly broader than is permitted in other jurisdictions (id., citing, Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct., 482 US 522, 542 [1987]). Therefore, a number of courts as well as the Restatement have said that a more stringent test should apply in international discovery than in purely domestic discovery (Richbell, 32 AD3d at 156). In order to compel the production of discovery from international entities, therefore, the movant must first establish that the sought information is "crucial" to the resolution of a key issue in this case (Kahn v Leo Schachter Diamonds, LLC, 139 AD3d 635 [1st Dept 2016]).
Here, defendants assert that the documents sought are "material and necessary to the prosecution of this action because they provide information about the investment that NextStage made in the Bagatelle family of companies" who are purportedly counterclaim defendants in this action (NYSCEF doc. no. 184, para. 4). According to defendants, the documents will provide information concerning the extent and nature of intercompany transfers and will establish the purported role NextStage's investment played in counterclaim defendants purported improper [*2]transfer of funds out of plaintiff's accounts which left it without capital to operate (id.).
Defendants submit that it is necessary and convenient to issue a letter rogatory. Convenience is not the standard. Defendants fail to show how its requests differ from anything it could have requested from counterclaim defendants directly, or how the information already obtained from counterclaim defendants failed to include this vital information. 
Defendants have not pointed to any deficiencies in production and have not established how information regarding a third party international investment is crucial to the resolution of a key issue in this case, namely, improper transfers between counterclaim defendant entities (Kahn 139 AD3d 635, 636 [1st Dept 2016]; Azria v Azria, 184 AD3d 419, 420 [2020]).
Accordingly, it is hereby
ORDERED that defendants/counterclaim plaintiffs' motion, pursuant to CPLR §3102 and §3108, for the issuance of letters rogatory to the appropriate authority in France (mot. seq. no. 008) is denied.
DATE 04/19/2024
ROBERT R. REED, J.S.C.