Ellison v Schulte (2024 NY Slip Op 51669(U))

[*1]

Ellison v Schulte

2024 NY Slip Op 51669(U)

Decided on November 27, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 27, 2024
Supreme Court, New York County

Holly Ellison, Plaintiff,

against
Sandra Schulte, Defendant.

Index No. 151880/2024

Rosenberg & Estis, P.C., New York, NY (Bradley S. Silverbush of counsel), for plaintiff.
Belkin Burden Goldman, LLP, New York, NY (Matthew S. Brett of counsel), for defendant.

Gerald Lebovits, J.

In this ejectment action, plaintiff, Holly Ellison as executor of the Estate of David A. Schulte, Jr., moves under CPLR 3215 for default judgment on her causes of action for ejectment and declaratory relief against defendant, Sandra Schulte. Defendant cross-moves under CPLR 3012 (d) to compel plaintiff to accept her untimely answer. Defendant also cross-moves to disqualify plaintiff's counsel from representing plaintiff in this action. Plaintiff's motion is granted. The CPLR 3012 (d) branch of defendant's cross-motion is granted in part and denied in part. The disqualification branch of defendant's cross-motion is denied.
I. Defendant's CrossMotion under CPLR 3012 (d)
Because determining defendant's CPLR 3012 (d) cross-motion will affect resolution of plaintiff's CPLR 3215 default-judgment motion, the court addresses the cross-motion first.
In determining whether to compel a plaintiff to accept a defendant's untimely answer under CPLR 3012 (d), courts must consider "the length of the delay, the excuse offered, the extent to which the delay was willful, the possibility of prejudice to adverse parties, and the [*2]potential merits of any defense." (Emigrant Bank v Rosabianca, 156 AD3d 468, 472-473 [1st Dept 2017].)
1. Defendant submitted her answer only nine days late. And although defendant's excuse is unpersuasive —her counsel believed that plaintiff had granted a two-week extension to file her answer (although plaintiff had not confirmed as much)—the record does not suggest that the delay was willful. Additionally, plaintiff's opposition to defendant's cross-motion does not address the merits of defendant's proposed defenses to plaintiff's third and fourth causes of action or the merits of defendant's proposed counterclaims. Nor does plaintiff attempt to show that adjudicating those defenses and counterclaims will cause her prejudice.
In these circumstances, the court agrees with defendant that she should be permitted to interpose an otherwise-untimely answer. Defendant has not established, though, that it would be just to permit this answer to include defenses against plaintiff's first two causes of action, which relate only to defendant's right to remain in the apartment appurtenant to her late husband's co-op shares. Those defenses do not have merit. Permitting their inclusion in the answer will prejudice plaintiff.
2. Defendant's first affirmative defense is that plaintiff's claims must be dismissed because the co-op is a necessary party that plaintiff did not join in this action. (See NYSCEF No. 14 at ¶¶ 106-107.) Even assuming that defendant were to show that the co-op is a party that should be joined, the proper course under CPLR 1001 (a) would simply be to order it joined. If for some reason the co-op could not be joined, whether to dismiss the action absent the co-op's participation is in the court's discretion, based on considering the factors in CPLR 1001 (b). Defendant has not shown, in other words, that the initial nonjoinder of the co-op in this action requires or warrants dismissal of plaintiff's claims—or that issues relating to joinder could constitute a viable defense to plaintiff's ejectment/declaratory-judgment claims. Defendant may not raise this defense in her otherwise-late answer.[FN1]

Defendant's second affirmative defense is that plaintiff's termination notice is defective under Real Property Law (RPL) §§ 226-c and 232-a, thereby assertedly foreclosing plaintiff's claims for possession of the apartment. (See NYSCEF No. 14 at 117-128.) Plaintiff undisputedly served defendant with a 30-day notice terminating defendant's right to remain in the co-op apartment. Defendant contends that she was instead entitled to a 90-day advance notice, rendering plaintiff's notice invalid and without effect. (See NYSCEF No. 14 at 15-17.) But the allegations of defendant's answer are insufficient to raise a potentially meritorious argument that she was entitled to this longer notice period.
RPL § 232-a requires a landlord to provide a monthly or month-to-month tenant with at least a 30-day notice that landlord "elects to terminate the tenancy," or to provide the tenant with further advance notice if required by RPL § 226-c. Section 226-c (2) provides that if the tenant has resided in the premises for more than two years, the tenant must be afforded at least 90 days' notice.
Defendant's proposed answer, however, does not contain allegations that might establish that she is a tenant entitled to advance notice under RPL §§ 226-c or 232-a. Defendant's answer [*3]emphasizes that she paid, and the co-op accepted, required monthly maintenance payments. (See id. at 110-111.) But any tenancy arrangement between defendant and the co-op that might arise from those maintenance payments cannot avail defendant. As she herself acknowledges (see NYSCEF No. 14 at ¶ 125), the co-op would not have been required to afford her more than a 30-day notice of termination. (See RPL § 226-c [1] [b].)
Defendant argues instead that plaintiff "is not a cooperative housing corporation and is bound by the notice requirements." (NYSCEF No. 14 at ¶ 125.) But defendant has no contractual arrangement with plaintiff. Indeed, her answer specifically disclaims that she is a subtenant of the apartment. (See id. at ¶ 97.) Nor does defendant's answer allege any fact that might show the existence of a tenancy relationship between defendant and plaintiff that does not rest on a written agreement. In short, defendant is not plaintiff's tenant, but merely a licensee. And as a licensee, she is not entitled to the 90-day advance notice on which the second affirmative defense relies. (See 304 PAS Owner LLC v Life Extension Realty LLC, 2018 NY Slip Op 51020[U], at *1-2 [App Term, 1st Dept 2018] ["'Real Property Law § 232-a is applicable only to . . . the immediate tenant of the lessor' and an undertenant, whether licensee, subtenant or occupant, need not be served with the notice of termination."], quoting 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1st Dept 1991].)
Defendant's tenth affirmative defense asserts that because the co-op accepted the maintenance payment she made to it for March 2024—i.e., after the expiration of the termination notice served by plaintiff—the "Termination Notice has been vitiated and the Complaint must be dismissed." (NYSCEF No. 14 at ¶ 177.) But defendant does not provide any support for the implicit proposition underlying this proposed defense: That after the termination of her license to remain in premises leased by plaintiff, defendant could establish tenancy rights in the premises by plaintiff's landlord's acceptance from defendant of a single payment in the nature of rent, made without plaintiff's knowledge or consent. (Cf. Holm v C.M.P. Sheet Metal, Inc., 89 AD2d 229, 233-234 [4th Dept 1982] [holding that the "acceptance of an attornment . . . is not proven by the mere payment and receipt of rent," but requires proof "evinc[ing] clear and unequivocal tokens of an intention to accept an attornment"] [internal quotation marks omitted].)
Defendant's fourth through sixth affirmative defenses all rest on the contention that as a substantive matter, she has the legal right to live and remain in the apartment. Any such right, though, would depend on defendant's right to have her late husband's co-op shares transferred to her. And, as plaintiff contends (NYSCEF No. 56 at 5-7), the question whether defendant is entitled to have the co-op shares transferred to her (even absent the co-op board's consent) was already litigated in a related Surrogate's Court proceeding—and resolved there against defendant. (See Matter of Schulte, 2016 WL 1546922, at *3-4 [Sur Ct, NY County Apr. 14, 2016]; accord Matter of Schulte, 2022 NY Slip Op 34000[U], at *3-4 [Sur Ct, NY County 2022], affd 220 AD3d 586, 587 [1st Dept 2023], lv denied 42 NY3d 905 [2024].) These affirmative defenses are therefore barred by both claim and issue preclusion. (See Robbins v Growney, 229 AD2d 356, 357 [1st Dept 1996] [barring by claim and issue preclusion an affirmative defense raised in a prior action].)
3. Finally, plaintiff is likely to suffer prejudice should the court compel her to accept defendant's answer. The co-op already served plaintiff with a notice to cure. The only thing preventing forfeiture of plaintiff's proprietary lease is an agreement tolling "the time to comply with the Co-op's January 2024 Notice to Cure, conditioned upon Plaintiff's continued good-faith effort to remove Defendant from the Premises." (NYSCEF No. 1 at ¶ 39.) To give defendant a [*4]retroactive extension would inhibit plaintiff's ability to comply with the tolling agreement and further sour plaintiff's relations with the co-op.
For these reasons, the branch of defendant's cross-motion to compel plaintiff to accept her answer is granted in part and denied in part.
II. Plaintiff's Default-Judgment Motion under CPLR 3215
On her motion, plaintiff seeks default judgment against defendant on her first two causes of action: (i) ejectment and (ii) a declaratory judgment that defendant's right to occupy the premises ended on February 29, 2024, and that plaintiff is entitled to immediate possession of the premises. (See NYSCEF No. 1 at 8-9 [complaint].)
A party seeking default judgment must establish proper service, defendant's default, and proof of the facts constituting her claims. (See CPLR 3215 [f].) Defendant does not dispute that she was properly served or that she defaulted. The question is whether plaintiff has sufficiently established the facts constituting her claims. She has.
Plaintiff provides her own affidavit (NYSCEF No. 4); the proprietary lease between the deceased and the co-op (NYSCEF No. 6); and a notice to cure through which the co-op informed plaintiff that she must remove defendant from the premises or that it will terminate the lease (NYSCEF No. 7 at 1-2). Plaintiff also provides the tolling agreement under which the co-op consented to toll the Estate's time to cure the default, "conditioned upon the Estate's diligent commencement and prosecution of a proceeding or action to legally remove [defendant] from possession of the Premises upon the expiration of the Estate's" notice of termination (NYSCEF No. 8 at 1); and the termination notice, under which plaintiff revoked any license defendant has to remain in the premises, effective February 29, 2024 (NYSCEF No. 9 at 3). And plaintiff represents that defendant continued to occupy the premises beyond February 29, 2024. (NYSCEF No. 4 at 5.)
Plaintiff's motion for default judgment is granted.
III. Defendant's Cross-Motion to Disqualify Plaintiff's Counsel
On her cross-motion, defendant also seeks to disqualify plaintiff's counsel, Bradley Silverbush, Esq., and his firm, Rosenberg & Estis, P.C., from representing plaintiff in this action. Defendant claims that disqualification is required because she consulted Silverbush about appealing an adverse 2021 decision in the related Surrogate's Court proceeding; that she met with Silverbush for almost three hours (NYSCEF No. 33 at ¶¶ 7, 26-27); and that she "divulged sensitive and confidential information and evidence to Mr. Silverbush" (id. at ¶ 22). Silverbush also sent defendant a proposed retainer that "set forth the scope of the representation as being in part a review and analysis of a pending Surrogates Court action." (Id. at ¶ 26.) Defendant claims she sent Silverbush "documents by email, including various trust documents, [her] prenuptial agreement, and several other documents." (Id. at ¶ 36.) Ultimately, defendant never retained Silverbush.
Silverbush represents that he spoke on the phone with defendant for only one hour; that defendant never signed his retainer agreement and that he therefore never began to work on her case; and that the documents defendant sent him were from the earlier Surrogate's Court proceedings and thus, to his understanding, were "publicly available." (NYSCEF No. 34 at ¶ 29, [*5]33-36.) Plaintiff emphasizes that any information Silverbush received pertaining to the Surrogate's Court proceeding is of no consequence in this ejectment action.
A moving party has the "heavy burden" of establishing a basis for disqualification. (Mayers v Stone Castle Partners, LLC, 126 AD3d 1, 5 [1st Dept 2015].) Rule 1.18 of New York's Rules of Professional Responsibility provides that "where a prospective client consults an attorney who ultimately represents a party adverse to the prospective client in matters that are substantially related to the consultation, the prospective client is entitled to obtain the attorney's disqualification only if it is shown that the information related in the consultation 'could be significantly harmful' to him or her in the same or substantially related matter." (Mayers, 126 AD3d at 7, quoting 22 NYCRR 1200.0 rule 1.18 [c].)
The court concludes that defendant has not met her heavy burden. Even assuming that the issues in the prior Surrogate's Court action and its appeal overlap with those in the present action, defendant has not shown that Silverbush received information from her that would be "significantly harmful" to her in this action. Defendant does not detail what confidential information she shared with Silverbush.[FN2]
Nor does defendant show how that the information she gave Silverbush would differ from that contained on the publicly available docket of the Surrogate's Court action, or contend that it would be outside the scope of discovery in this action regardless. (Cf. Azria v Azria, 184 AD3d 419, 420 [1st Dept 2020] [holding that movant did not "show that the partner with whom she met received information from her that could be significantly harmful to her" when "the financial information she shared with the partner would have been subject to discovery and was already known to the" the opposing party].) In short, on this record defendant has not shown how Silverbush's receipt of information about the Surrogate's Court proceeding will prejudice her in this ejectment action—particularly given the Surrogate's Court's resolution against her of her claim to be entitled to the transfer of the co-op shares. Accordingly, the court declines to disqualify Silverbush and his firm from representing plaintiff.
Accordingly, it is
ORDERED that the branch of defendant's cross-motion to compel plaintiff to accept defendant's answer is granted only to the extent that defendant may serve and file an answer that contains defendant's responses to the allegations of plaintiff's complaint, the allegations common to all affirmative defenses and counterclaims, the allegations supporting defendant's third, seventh, and eleventh affirmative defenses, the allegations supporting defendant's counterclaims, and the requests for relief on those counterclaims; and this branch of defendant's cross-motion is otherwise denied; and it is further
ORDERED that defendant shall, within 20 days of entry of this order, serve and file an answer-with-counterclaims consistent with the determinations above, which, upon service, shall be deemed defendant's operative pleading in this matter; and it is further
ORDERED that plaintiff shall serve and file a reply to counterclaims within 20 days of service of defendant's (revised) answer-with-counterclaims; and it is further
ORDERED that the branch of plaintiff's motion for default judgment on her ejectment claim (first cause of action) is granted;
ORDERED that the branch of the plaintiff's motion seeking a warrant of ejectment and the issuance of a writ of assistance is granted; and it is further
ORDERED that plaintiff's motion for default judgment on her claim for declaratory judgment (second cause of action) is granted; and it is further
ADJUDGED AND DECLARED that defendant's right to occupy the premises at issue, located at 1125 Park Avenue, Penthouse C, New York, NY 10128, ended on February 29, 2024; and it is further
ADJUDGED that plaintiff is entitled to possession of the premises located at 1125 Park Avenue, Penthouse C, New York, NY 10128, as against defendant, and the Sheriff of the City of New York, County of New York, upon receipt of a certified copy of this Order and Judgment and payment of proper fees, is directed to place plaintiff in possession accordingly upon the expiration of 30 days from receipt of the Order and Judgment; and it is further
ADJUDGED that upon the expiration of 14 days from service of notice of entry of this Order and Judgment, plaintiff may exercise all acts of ownership and possession of the premises located at 1125 Park Avenue, Penthouse C, New York, NY 10128, including entry thereto, as against defendant; and it is further
ORDERED that upon defendant's ejectment from the premises, the parties shall file a stipulation on the docket in this action identifying the last day of the tenant's occupancy of the premises; and it is further
ORDERED that the branch of defendant's cross-motion to disqualify plaintiff's counsel from representing plaintiff in this action is denied without prejudice; and it is further
ORDERED that the balance of the claims and counterclaims in this action are severed and shall continue; and it is further
ORDERED that the parties shall appear before this court for a telephonic preliminary conference on January 6, 2025; and it is further
ORDERED that plaintiff shall serve a copy of this order with notice of its entry on defendant; and shall serve notice of entry on the office of the County Clerk (by the means set forth in the court's e-filing protocol, available on the e-filing page of the court's website, https://ww2.nycourts.gov/courts/1jd/supctmanh/E-Filing.shtml), which shall enter judgment accordingly.
DATE 11/27/2024

Footnotes

Footnote 1:This determination is without prejudice to defendant's later assertion of nonjoinder in a motion to dismiss brought under CPLR 3211 (a) (10). (See CPLR 3211 [e] [describing when a party may bring an [a] [10] motion to dismiss].)

Footnote 2:Defendant does say that she would be willing to share this information for in camera review. (Id.)