Union Ave. Apts. v Yarborough (2024 NY Slip Op 24311)

[*1]

Union Ave. Apts. v Yarborough

2024 NY Slip Op 24311

Decided on December 5, 2024

City Court Of Mount Vernon

Coverdale, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 5, 2024
City Court of Mount Vernon

Union Avenue Apartments, Petitioner-Landlord,

against
William Yarborough, Respondents-Tenants.

Index No.1269-24

Matthew Livits, Esq.
Chavala Kobluk, Esq.
Rosenblum& Bianco, LLP
Attorneys for Petitioner
100 Merrick Avenue, 306E
Rockville Centre, NY 11570
Tanyka T. Wilson , Esq.
Legal Service of the Hudson Valley
Attorney for May Yarborough
30 South Broadway, 6th Floor
Yonkers, NY 10701
William Yarborough
Respondent

Tamika A. Coverdale, J.

Petitioner commenced this nonpayment action in August 2024 seeking to recover rental arrears in the amount of $7,873.00 for the period of September 2023 through May 2024. The premises are subject to the Federal Section 8 Substantial Rehabilitation Program .
On August 23, 2024, the return date, Respondent William Yarborough, and unnamed party May Yarborough, respondent's mother, appeared without counsel and were referred to the [*2]Legal Services of the Hudson Valley for representation. The matter was adjourned to September 13, 2024. On September 13, 2024 both parties appeared. Counsel Tanyka Wilson appeared and filed a motion to dismiss the proceeding pursuant to CPLR 3211(a)(8) (lack of personal jurisdiction) on behalf of the unnamed party to the proceeding, May Yarborough (hereinafter "Occupant").
In support of the motion to dismiss, Ms. Yarborough argues that proceeding must be dismissed because the petitioner failed to serve a necessary party. Petitioner Union Avenue Apartments named William Yarborough as the respondent-tenant. Petitioner also served William Yarborough with the rent demand. No other parties were named in the proceeding or in the predicate papers. Ms. Yarborough was never served with the Notice of Petition and Petition, nor was she referenced by "Jane Doe". May Yarborough affirms that she is a proper and necessary party to the proceeding. She affirms that she has lived at the premises with her son and grandson for four years. She affirms that her son, William, is the leasholder for the apartment and that she is also a signatory on the lease agreement, dated March 7, 2024 and recertification dated March 7, 2024. Copies of both documents are attached to the motion papers as Exhibits A and B. May Yarborough is also a named recipient of a Balance Due Notification, dated March 15, 2024, from Brian Howell, Property Manager for Union Avenue Apartments. A copy of the letter is attached to the motion papers as Exhibit C. Counsel argues that Ms. Yarborough is a subtenant of the prime tenant, should have been served with the Notice of Petition and Petition, and a failure by petitioner to serve her with process is fatal to the proceeding.
Union Avenue Apartments opposes the motion to dismiss and cross-moves to implead/ join May Yarborough and other occupants to the proceeding. Petitioner, through counsel Chavala Kobluk, argues that May Yarborough is an occupant and has acknowledged receipt of the pleadings. Counsel argues, however, that the rent-demand only had to be served on the tenant of record, respondent William Yarborough, not his mother. Counsel maintains that Ms. Yarborough, as occupant is entitled to notice of the summary proceeding. Petitioner argues that occupants do not have any defenses in a nonpayment proceeding. Petitioner argues that Ms. Yarborough has not presented any evidence that she pays rent. Petitioner maintains that Ms. Yarborough as an undertenant, is not a necessary party, but a proper party to the proceeding, so that full post judgment relief can be awarded to petitioner. Petitioner now moves to add May Yarborough to the proceeding.
Petitioner also argues for the entry of a default judgment against Respondent William Yarborough.
In reply, Ms. Yarborough argues that petitioner has failed to serve her with the Notice of Petition and Petition. She argues that contrary to petitioner's claims, petitioner knew that she resided in the apartment prior to commencing the action, and as such should have named her as a necessary party in the proceeding. Ms. Yarborough argues that petitioner's claim that she did not tell them about her residing at the premises is disingenuous since she was a signatory of the March 7, 2024 lease amendment and March 7, 2024 recertification. Counsel Wilson argues that the case law relied on by petitioner in inapplicable and pre dates the HSTPA.
Only named individuals in a rental agreement with an obligation to pay rent to the landlord are considered tenants. All others in possession who do not claim an independent possessory interest, including family members, are undertenants. Ms. Yarborough does not claim [*3]to be a co-tenant or leaseholder. Although she signed the recertification papers and lease amendment with her son in March 2024, her name does not appear on those papers. Ms. Yarborough does not claim to be a co-tenant with an independent obligation to petitioner to pay the rent. In her papers, she states that her son is " the leaseholder" and she is a "subtenant". Petitioner does not allege that Ms. Yarborough is financially obligated to pay the rental arrears either. Petitioner seemingly claims that it did not know Ms. Yarborough was residing in the apartment. This claim is utterly refuted by Ms. Yarborough's attachments to her motion, the authenticity of which Petitioner does not dispute. Ms. Yarborough attached an Annual Recertification Notice, dated March 7, 2024, addressed to William Yarborough. The signature "May Yarborough" is listed on the "Signature of Head of Family" line, below William Yarborough's signature. The Lease Amendment, dated March 7, 2024, is addressed to William Yarborough. The signature "May Yarborough" is listed below William Yarborough's signature. The Balance Due Notification, dated March 15, 2024, from petitioner's property manager, is addressed to both William Yarborough and May Yarborough. As such if May Yarborough, had been named as "Jane Doe' she would have had a meritorious argument based on misuse of CPLR § 1024 (Bronx Park Phase III Preserv. LLC v Tunkara, 65 Misc 3d 1224 (A) [ Civ Ct. Bronx Co. 2019]) citing Tucker v Lorieo, 291 AD2d 261 [1st Dept], and the petition would be subject to dismissal (B&S Duo Realty LLC v. Gazali, 81 Misc 3d 1221 [A] [Civ Ct. Queens Co. 2023]).
Respondent is either a licensee, occupant or subtenant, but not a tenant or necessary party. A necessary party is one "who ought to be [a party] if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment" (CPLR § 1001) (a)). The law provides that a subtenant is a "proper" but not "necessary" party in a summary proceeding (See e.g. FS 45 Tiemann Place LLC v. Gomez, 38 Misc 3d 135[A], 967 N.Y.S.2d 866, 2013 NY Slip Op 50132[U] [App Term, 1st Dept 2013]; Triborough Bridge & Tunnel Auth. v. Wimpfheimer, 165 Misc 2d 584, 586, 633 N.Y.S.2d 695 [App Term, 1st Dept 1995]; Proper parties are those whose absence will not prevent the entry of a binding judgment, but whose presence would make an order or judgment more complete. As explained by the Appellate Division, First Department in 170 West 85th Street Tenants Ass'n v Cruz, 173 AD2d 338 [1st Dept 1991], "[t]he rights of a person whose claim to possession derives from the lessee are subordinate and are extinguished by a judgment of possession in favor or the lessor. While subtenants are not necessary parties to a summary proceeding—meaning, they need not be served a termination notice and a petition and notice of petition in order for the Court to issue a judgment and warrant of eviction against the primary tenant, the failure to properly include them in summary proceedings will bar the petitioner from evicting them pursuant to any warrant the petitioner obtains against the primary tenant (Crossroads Assoc., LLC v Amenya, 47 Misc 3d 1216(A), 1216A [City Ct. Peekskill 2015] citing Farchester Gardens, Inc. by Pritch v. Elwell, 138 Misc 2d 562, 525 N.Y.S.2d 111 [Yonkers City Ct. 1987]; 89 NY Jur.2d Real Property—Possessory Actions §137. Due process requires only that, for a warrant to be effective against a subtenant, licensee or occupant, [s]he be made a party to the proceeding, either by naming [her] and serving [her] with the petition and notice of petition or by joining [her] as a party during the pendency of the proceeding" (emphasis added). Rather, they are "proper" parties, whom it is appropriate for petitioner to seek joinder of as additional named respondents "so that any warrant obtained in this proceeding will be effective against them" (S. Realty v [*4]Taconic Innovation, 64 Misc 3d 1229 (A) (citations omitted).
In 2015, prior to the passage of the Housing Stability and Protection Act ("HSPTA") of 2019, the Appellate Term Second Department held that the tenant of record's father and another occupant family member need not be named in a summary proceeding to be evicted in a nonpayment action (JLNT Realty, LLC v Liautaud, 49 Misc 3d 139(A) [2d Dept 2015]. In JLNT Realty, the landlord commenced a nonpayment of action against the tenant of record. After the landlord obtained a final judgment of possession against the tenant, a warrant of eviction was executed against an occupant family member and his father. The trial court granted the occupant's motion to be restored to possession, finding that due process required that the occupant be named in the proceeding in order for the warrant to be valid against him (citing 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338). The Appellate Term reversed the lower court's ruling upon a finding that the occupant family member was properly evicted under the warrant of eviction and need not be named in the proceeding in order for the warrant to have been effective against him (Id.)(citing Loira v Anagnastopolous, 204 AD2d 608, 609, 612 N.Y.S.2d 189 [2d Dept 1994] [finding that there was "no merit to the plaintiff's contention that she should have been made a party to the holdover proceeding in the Civil Court. since the plaintiff is merely the daughter of the tenant, she can be removed from the premises even though she was not a party to the holdover proceeding"].) 
On June 14, 2019, four years after JNLT Realty was decided, the New York State legislature , as part of the HSPTA, essentially codified 170 W. 85th St. Tenants Assn. v Cruz, and amended RPAPL § 749 (1) to authorize the court to issue a warrant commanding a marshal to remove all persons "named in the proceeding" (L 2019, ch 36, § 1, part M, § 19 [2019 NY Senate Bill S6458]), an amendment that could be interpreted to preclude an eviction of anyone who is not named in the proceeding. This Court could not find any Appellate court authority post passage of the HSPTA that held a family member occupant, with no independent possessory interest, need not be named in a summary proceeding. While the Appellate Term's decision has not been overturned, this Court finds that the significant changes to the RPAPL post the Appellate Term's decision require that all lawful occupants be named in a summary proceeding, including family members. "Landlords are justifiably more careful to name all occupants when drafting petitions" (2626 Equities LLC v Morilloz, 66 Misc 3d 1211 (A) [Civ Ct. Bronx Co 2020]). 
For the reasons stated herein, the Court finds that Ms. Yarborough must be joined to the nonpayment proceeding. Ms. Yarborough argues that petitioner cannot add a name to the Petition unless a party consents the jurisdiction of the Court. For this proposition, respondent cited this Court's decision in S. Realty v Taconic Innovation, 64 Misc 3d 1229 (A). In S. Realty, the petitioner commenced a holdover action against an agency that issued housing subsidies for individuals with developmental disabilities. The agency was named as the respondent-tenant. However, the recipient of the subsidy and person in possession of the premises, deemed a subtenant, was not named in the proceeding. The agency appeared in court on the return date and consented to a judgment of possession. The subtenant did not appear on the return date and averred he did not find out about the proceeding until he received the 72-hour notice from the Marshal's office. To avoid possible dismissal, the petitioner cross-moved to amend the caption and to join the respondent as a party to the proceeding. The Court denied the motion to add the [*5]respondent as a party, holding that "a request to substitute the name of an individual in possession of the premises but who was not served or listed in the caption as "Doe' is not permitted unless the individual to be added consents to the jurisdiction of the Court. Otherwise, a new proceeding is required."
The court finds that the S. Realty case is distinguishable from the instant matter, where petitioner sought to add a party to a holdover proceeding after a judgment of possession and warrant had been issued by the Court. When a final judgment of possession is entered, a summary proceeding is essentially terminated and no longer pending (Henry v Almanacid, 13 Misc 3d 132[A] [App Term 9th & 10th Jud Dists] [entry of judgment "unequivocally terminated" the proceeding, so as to preclude landlord's request to join an additional party-respondent]). Here, Ms. Yarborough is a family member occupant and has appeared since the first court appearance. She would have an opportunity to defend on the merits prior to the Court's rendering of a decision or issuance of a judgment. Further, subsequent to the Court's ruling in S. Realty, there have been a number of trial court decisions issued that have permitted joinder in a summary proceeding without the permission of the undertenant (See e.g. Magen David MGMT v Abreu, 83 Misc 3d 1242 [A] [Civ Ct Bronx Co 2024] (joinder of unnamed occupant permitted after judgment and warrant issued against defaulting tenant); 338 W. 49 LLC v Mendez, 2024 NY Misc LEXIS 5382; 2024 NY Slip Op 330033(U) [Civ. Ct. New York Co. 2024] (joinder of occupant to nonpayment proceeding permitted without permission of tenant or occupant); Vinegar Hill Asset LLC v Jones, 75 Misc 3d 1217(A) [Civ Ct. Kings Co 2022] (court granted landlord's motion to join tenant of record's son after default judgment of possession issued against tenant but denied motion to add him to the warrant of eviction). "Dismissal of an action [or proceeding] for nonjoinder of a necessary party is only a last resort" (Matter of Hofstra Univ. v. Nassau County Planning Commn., 2024 NY App. Div. LEXIS 5493, [2d Dept 2024] (U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047, 190 N.Y.S.3d 394 [internal quotation marks omitted]; see Matter of Mulford Bay, LLC v Rocco, 186 AD3d [**2] 1520, 1520-1521, 131 N.Y.S.3d 84).
Accordingly, it is ORDERED that Ms. Yarborough's motion to dismiss for failure to join her as a necessary party is denied; and it is further
ORDERED that Petitioner's cross-motion to add Ms. Yarborough as a party to the proceeding is granted; and it is further
ORDERED that Petitioner shall serve all parties with a copy of this Decision and Order with notice of its entry; and it is further
ORDERED that the caption shall be amended to reflect that May Yarborough be added as a party-respondent; and it is further
ORDERED that Respondent William Yarborough and Respondent May Yarborough file an Answer within five days after service of the order with notice of entry.
Petitioner's motion for a default judgment against William Yarborough is denied. Respondent William Yarborough appeared in this proceeding on the return date of the action.
The matter is adjourned to January 3, 2025 at 9:30am for all purposes.
This constitutes the Decision and Order of this Court.
The Court considered the following papers on this motion: Motion to Dismiss, dated September 12, 2024; Affirmation in Support; Affidavit in support; Exh. A-C. Affirmation in [*6]Opposition, dated October 1, 2024. Notice of Cross Motion, dated October 16, 2024. Affirmation in Support of Reply to Opposition to Motion to Dismiss, dated October 28, 2024. Affirmation in Opposition to Petitioner's Cross Motion to Join May Yarborough. 
Dated: December 5, 2024
Mount Vernon, New York
HON. TAMIKA A. COVERDALE
City Court Judge of Mount Vernon