Ravich v City of New York
2026 NY Slip Op 03768
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Vladimir Ravich, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.

Decided and Entered: June 16, 2026
Index No. 161574/25|Appeal No. 6904|Case No. 2025-08005|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Law Office of John A. Scola, PLLC, New York (John Scola of counsel), for appellant.
Steven Banks, Corporation Counsel, New York (Stephanie Teplin of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Carol Sharpe, J.), entered December 17, 2025, which denied plaintiff's motion to disqualify attorney Eric Sanders from representing defendant Winston Faison in another matter and to enjoin defendants from using information plaintiff provided to Sanders, unanimously affirmed, without costs.
As a prospective client, plaintiff consulted Sanders concerning plaintiff's race and disability discrimination and retaliation claims against defendants. Sanders now represents Faison in a separate matter concerning Faison's own claims of discrimination and retaliation. Sanders and Faison submitted affidavits stating that the Faison matter is unrelated to plaintiff and that Sanders did not share confidential information obtained from plaintiff with Faison. Corporation Counsel of the City of New York represents both defendants here.
The court providently exercised its discretion in declining to disqualify Sanders from representing Faison in a separate unrelated matter. Plaintiff has not met his "heavy burden" of demonstrating that Faison's personal discrimination matter is "substantially related to the consultation" between plaintiff and Sanders under rule 1.18 of the Rules of Professional Conduct (Mayers v Stone Castle Partners, LLC, 126 AD3d 1, 5-7 [1st Dept 2015]; see Rules of Professional Conduct [22 NYCRR 1200.00] rule 1.18). Plaintiff failed to demonstrate that the "conveyed information" has "the potential to be significantly harmful to [plaintiff] in the matter from which he seeks to disqualify counsel" (Mayers, 126 AD3dat 7; see also Azria v Azria, 184 AD3d 419, 420 [1st Dept 2020]).
In support of his motion to disqualify, plaintiff publicly filed several emails between him and Sanders and submitted the email attachments to the motion court for in camera review. To the extent plaintiff disputes as a matter of attorney-client privilege defendants' right to use information contained in the emails, plaintiff waived the privilege by filing the emails on the public docket (see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624 [2016]; Daniel Szalkiewicz & Assoc., P.C. v Liu, 244 AD3d 652, 653 [1st Dept 2025]). To the extent plaintiff challenges the court's disclosure of the attachments to the City, the court has since directed the City not to use the attachments with the exception of "information . . . obtained from a source other than those documents." Plaintiff has not appealed that order and does not dispute that defendants are entitled to use independently obtained information.
We have considered plaintiff's additional arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026